IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| ERNEST TAYLOR | § | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | § § § | |
| VS. | § § | |
| THE CITY OF BATON ROUGE, ET AL. | § § | NO. 13-579-BAJ-RLB |
| Defendants. | § § | |

## STATUS REPORT

### Introduction

Plaintiff filed the present action on September 3, 2013. After filing the complaint, counsel for Plaintiff made contact with James Hilburn of the East Baton Rouge Parish Attorney's office, who indicated he would be representing Defendants in this matter. Since that time Plaintiff's counsel has engaged in several conversations with Mr. Hilburn regarding Mr. Taylor's claims. On December 11, 2013, Plaintiff's counsel sent Mr. Hilburn a partially completed draft of the status report that appears below with the request that it be reviewed and that the portions relating to Defendants be completed. Thereafter, on December 13, 2013, Plaintiff's counsel again contacted Mr. Hilburn and provided him with the order of the Court granting the continuance requested by the parties, and stating that the new deadline for submission of the status report and proposed schedule would be January 23, 2014. On January 22 and 23, 2014, Plaintiff's counsel attempted to contact Mr. Hilburn to obtain his additions and/or suggested changes, but was unable to do so. Given that Defendants' position on the matters contained in this report remain largely unknown at this point, Plaintiff respectfully suggests that proceeding

1

with the conference currently scheduled for February 6, 2014 at 11:30 a.m. is appropriate. [Doc. 6].

**A.    JURISDICTION**

This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202. This action is also brought pursuant to 42 U.S.C. §§ 1983 and 1988 alleging violations of Plaintiff's Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

This Court also has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §1367, including, but not limited to, claims asserted pursuant to Louisiana Civil Code Articles 2315 and 2320, and for violations of Article 1, Sections 2, 3, 4, 5, and 11 of the Louisiana Constitution.

**B.    BRIEF EXPLANATION OF THE CASE**

1.    *Plaintiff claims:* This case involves the arrest of Plaintiff Ernest Taylor and the confiscation of his lawfully held firearms for the purported infraction of possessing a weapon in the parking lot of an establishment that either sells or serves alcohol.  Mr. Taylor asserts that the ordinance under which the Baton Rouge Police Department arrested him and confiscated his firearms violates the United States Constitution, and numerous provisions of Louisiana law.  Mr. Taylor further asserts that the City of Baton Rouge and its individual actors were aware that enforcement of the ordinance would violate long-established legal principles regarding civil liberties and individual rights, but despite this knowledge actively utilized the ordinance's provisions to deprive citizens of their Constitutionally protected freedoms under the color of state law.  Plaintiff seeks injunctive and declaratory relief in addition to an award of damages for

2

physical and emotional injuries.

2.   *Defendant claims*:  Defendant has not yet answered Plaintiff's Complaint or made any other filings with the Court.

**C.   PENDING MOTIONS**

There are no currently pending motions.  Plaintiff anticipates filing a motion for preliminary injunction seeking the return of Mr. Taylor's firearms prior to the conference currently set for February 6th.

**D.   ISSUES**

The primary issue in this case is whether the City of Baton Rouge and its individual actors violated Plaintiff's civil rights through the enforcement of Section 13:95.3 of the Baton Rouge Code of Ordinances.  At this point it is unknown which, if any, of Plaintiff's allegations will be disputed by the Defendants, and it is therefore unknown what issues will require resolution by the Court.  Plaintiff anticipates that issues needing resolution may include:

(1) whether Baton Rouge Code of Ordinances §13:95.3 violates the U.S. Constitution,

(2) whether Defendants should have been aware that enforcement of §13:95.3 was an unconstitutional exercise of power,

(3) whether Defendants' actions in this case violated the civil rights guaranteed to Ernest Taylor under federal law and the laws of Louisiana,

(4) the amount of damages suffered by Mr. Taylor,

(5) whether Defendants' conduct entitles Plaintiff to an award of punitive damages, and

(6) the amount of reasonable attorney fees to which Plaintiff is entitled.

**E.   DAMAGES**

1. *Plaintiff's calculation of damages:* Initially, Plaintiff seeks injunctive and declaratory relief. The amount of Plaintiff's money damages will be established through discovery and at the trial of this matter.

2. *Defendant's calculation of offset and/or plaintiff's damages:* Unknown

**F. SERVICE**

Service has been waived on behalf of the following defendants: (1) The City of Baton Rouge; (2) Carl Dabadie, Jr.; (3) Mary E. Roper; (4) Lisa Freeman; (5) Patrick Wennemann; and (6) James Thomas. Currently, service has not been made upon defendant D. Dewayne White or Officer Jane Doe. Plaintiff will continue his attempts to bring defendant White within the jurisdiction of the Court and assess the possibility of his dismissal. Discovery obtained through the criminal proceedings in Baton Rouge City Court, specifically a video of Mr. Taylor's arrest, confirms the presence of the Jane Doe Defendant identified in the Complaint. It is believed that preliminary discovery will allow plaintiff to identify the Jane Doe defendant and properly effectuate service, if not waived.

**G. DISCOVERY**

1. Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [ ] YES   [X] NO

    a. Do any parties object to initial disclosures?

        [ ] YES   [X] NO

    b. For any party who answered *yes,* please explain your reason for objecting.

2. Briefly describe any discovery that has been completed or is in progress:

    a. *By plaintiff:* Preliminary discussions have been held regarding written

discovery and the depositions of Officers Thomas and Wenneman, but no formal requests have yet been made.

    b. *By defendants:* Preliminary discussions have been held regarding written discovery and Plaintiff's deposition, but no formal requests have yet been made.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.

At this time Plaintiff does not foresee the need for any protective orders or other limitations on discovery.

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

*By plaintiff*: Plaintiff expects to evaluate the need for expert testimony throughout the pendency of this case, and to disclose those experts retained to provide expert testimony in accordance with Fed. R. Civ. P. 26.

*By defendants*: Unknown.

## H. PROPOSED SCHEDULING ORDER

Plaintiff proposes the following schedule in accordance with the form provided by the Court. Defendants have not offered any proposed dates for the necessary deadlines.

1. Deadline for amending the complaint, or adding new parties, claims, counterclaims, or cross claims: **March 15, 2014**

2. Deadline for completion of fact discovery: **June 15, 2014**

    a. Exchanging initial disclosures required by FRCP 26(a)(1): **March 1, 2014**

    b. Filing all discovery motions and completing all discovery except expert reports: **June 15, 2014**

3. Disclosure of identities and reports of expert witnesses as required by Fed. R. Civ. P. 26(a)(2):

Plaintiff: **July 15, 2014**

Defendants: **August 15, 2014**

4. Completion of discovery from experts: **September 30, 2014**

5. Filing dispositive and Daubert motions: **October 31, 2014**

**I.     TRIAL**

1. Has a demand for a trial by jury been made?

[X]  YES    [ ] NO

2. Estimate the number of days trial will require.

Plaintiff estimates that a trial could be completed in five (5) days.

**J.     OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

None at this time. The parties do request that the currently set scheduling conference be continued to a later date, so that they may have additional time to identify issues that may need to be raised with the Court.

**K.     SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

While Plaintiff is open to settlement discussions, this case is in its infancy, and no efforts at settlement have yet been made.

2. Do the parties wish to have a settlement conference?

[ ] YES    [X] NO

While the parties do not believe a settlement conference would be beneficial at this stage, they remain open to the possibility that one may be beneficial at some later stage in the proceedings.

L.  **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a U.S. Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES    [X] NO

Report dated:  January 23, 2014

Respectfully submitted,

s/ Terrence J. Donahue, Jr.
**TERRENCE J. DONAHUE, JR.**
McGlynn, Glisson, & Mouton
340 Florida Street
Baton Rouge, Louisiana 70802-1909
(225) 344-3555
Bar Roll No.: 32126

## CERTIFICATE OF CONFERENCE

I hereby certify that in preparing the above and foregoing Status Report, I conferred with James Hilburn, counsel for Defendants, whose positions were expressed above to the extent possible under the circumstances detailed in the introductory paragraph.

s/ Terrence J. Donahue, Jr.
Terrence J. Donahue, Jr

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Status Report has been provided to James Hilburn, counsel for Defendants, by providing same via electronic mail on this, the 23rd day of January, 2014.

s/ Terrence J. Donahue, Jr.
Terrence J. Donahue, Jr.