**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ERNEST TAYLOR | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| THE CITY OF BATON ROUGE, ET AL. | § | NO. 13-579-BAJ-RLB |
| | § | |
| Defendants. | § | |

**NOTICE OF FACTS RELATED TO CURRENT PROCEEDING**

COMES NOW, Terrence J. Donahue, Jr., counsel for Plaintiff in the above-captioned suit, who provides notice to this Court pursuant to Local Rule 83.2.4 and Louisiana Rule of Professional Conduct 3.3(b) of facts related to this proceeding.

**A.     Relevant Legal Provisions**

Louisiana Rule of Professional Conduct 3.3(b) provides:

A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

Local Rule 83.2.4 of the United States District Court for the Middle District of Louisiana adopts the Rules of Professional Conduct of the Louisiana State Bar Association, except as otherwise provided by specific rule or general order of the Court.

**B.     Procedural History**

This action was instituted on behalf of Plaintiff, Ernest Taylor ("Mr. Taylor") on September 3, 2013. [Doc. 1]. The claims in Taylor's complaint arise in part from his arrest and the seizure of his firearms by officers of the Baton Rouge Police Department ("BRPD"),

including Officer James Thomas, on October 13, 2012. *See id.* at 4-8. On April 16, 2014, Plaintiff moved for entry of default due to Defendants' failure to answer or otherwise defend against the lawsuit. [Doc. 15]. The Clerk granted Plaintiff's request for entry of default the same day. [Doc. 17].

Following the entry of default, the parties engaged in motion practice relating to various issues arising from the entry of default. [Docs. 21-28]. On June 18, 2014, the Court disposed of the pending motions, with the exception of Plaintiff's Motion for Entry of Default Judgment, [Doc. 26], upon which the Court has not yet ruled.

## C.     The Events of April 29, 2014

On the morning of April 30, 2014, Mr. Taylor contacted the undersigned and stated that on the prior evening officers of the BRPD – including one of the Defendants in the present action (James Thomas) - had come to his home, placed him under arrest, and taken him into custody. Mr. Taylor also indicated that after placing him in handcuffs, the officers proceeded to perform a search of his home and his vehicle without his consent. Mr. Taylor reported that he was then transported to the police precinct and placed in a holding cell for several hours before ultimately being released without being charged for any offense. Mr. Taylor indicated that during these events, the officers questioned him about the lawsuit he had filed against the City of Baton Rouge and members of the BRPD, and that the officers had placed him in fear for his own well-being. Notably, these events occurred approximately two weeks after default had been entered against Defendant Thomas in this case (April 16, 2014), and the day immediately following the dismissal of all criminal charges filed against Mr. Taylor in Baton Rouge City Court as a result of the previous arrest by Defendant Thomas (April 28, 2014).

After speaking with Mr. Taylor, the undersigned immediately contacted Tedrick Knightshead of the East Baton Rouge Parish Attorney's Office to inform him of Mr. Taylor's report. Correspondence was also sent requesting that any and all evidence of the previous night's events be preserved and provided for inspection as soon as possible. It was not until June 23, 2014 – approximately two months later - that Mr. Knightshead forwarded undersigned counsel a PDF version of a BRPD Incident Report made in connection with Mr. Taylor's arrest on April 29, 2014. The report largely confirms Taylor's description of the events, and identifies Officer James Thomas – a defendant in the currently pending lawsuit – as one of the officers involved in the arrest. The report also raises serious questions about the propriety of the actions undertaken by employees of the BRPD, particularly Officer Thomas. The report provided by the Parish Attorney's Office on June 23, 2014 represents the entirety of the information provided pursuant to counsel's April 30, 2014 request.

Considering the above, undersigned counsel believes that there is a substantial likelihood that the actions taken by officers of the BRPD on April 29, 2014 were without justification and were undertaken solely as retaliation for Mr. Taylor's filing of the present lawsuit. Despite having repeatedly raised concerns with the Parish Attorney's Office regarding Mr. Taylor's safety in light the actions of members of the BRPD, undersigned counsel is unaware of any measures that have been taken to either investigate the matter or ensure Mr. Taylor's safety.

**D.    Procedural Considerations**

While the undersigned feels strongly that the Court should be apprised of the facts stated above, the proper procedural mechanism for doing so is less than clear. This is due primarily to the fact that the events described above occurred after the Clerk's entry of default against

Defendants. [Doc. 17]. Under different circumstances, the appropriate mechanism to apprise the Court of these facts would likely be through amendment of the operative complaint. As Defendants in this case are currently in default, however, amending the complaint at this stage of the proceedings would potentially result in prejudice to Plaintiff. *See Freilich v. Green Energy Res., Inc.,* 297 F.R.D. 277, 283 (W.D. Tex. 2014) ("district courts routinely set aside entries of defaults when plaintiffs file amended complaints"). Prior to drafting the present notice, undersigned counsel conferred with counsel for Defendants and proposed submission of a letter to the Court, along with submission of the incident report related to the events of April 29, 2014. Counsel for Defendants objected to both sending a letter and the provision of the incident report to the Court.

Undersigned counsel believes it is appropriate and advisable to inform the Court of the developments described above, particularly considering the provisions of Rule 3.3(b) of the Louisiana Code of Professional Conduct. Furthermore, given the procedural considerations identified above, the undersigned also seeks the Court's guidance regarding the preferred method for bringing additional claims on behalf of Mr. Taylor for the actions undertaken by officers of the BRPD – including Defendant Thomas – on April 29, 2014.

Respectfully submitted,

s/ Terrence J. Donahue, Jr.
Christopher D. Glisson #20200
Terrence J. Donahue, Jr. #32126
**MCGLYNN, GLISSON, & MOUTON**
340 Florida Street
Baton Rouge, Louisiana 70801
(225) 344-3555

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice has been served on all counsel of record through a Notice of Electronic Filing generated by the Court's CM/ECF system, including those listed below, on this, the 27th day of June, 2014.

Office of the Parish Attorney
East Baton Rouge Parish
**Attn: Mr. Tedrick Knightshead**
222 Saint Louis Street, Room 902
Baton Rouge, LA 70821

s/ Terrence J. Donahue, Jr.
Terrence J. Donahue, Jr.
