# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNEST TAYLOR** | **CIVIL ACTION NO. 3:13-CV-00579** |
| **VERSUS** | **CHIEF JUDGE JACKSON** |
| **THE CITY OF BATON ROUGE, ET AL.** | **MAGISTRATE JUDGE BOURGEOIS** |

## RESPONSE OF MARY ROPER TO THE COURT'S ORDER TO SHOW CAUSE REGARDING WHY SANCTIONS SHOULD NOT BE GRANTED (Doc. No. 31)

NOW INTO COURT, comes Defendant Mary Roper ("Roper"), who files this memorandum in response to the Court's Order to Show Cause Why Sanctions Should Not Be Granted (Doc. No. 31) (the "Show Cause Order").

### I.   Statement of Pertinent Facts as to Roper

This matter was filed on September 3, 2014 (Doc. No. 1). At that time the case was assigned to James Hilburn, Special Assistant Parish Attorney and associate of law firm of Snows, Cali & Walsh, LLP ("Hilburn"). Although Roper is the Parish Attorney, she did not participate in, or attempt to direct, Hilburn's legal defense of the case. Rather, Roper trusted Hilburn to handle the matter in a competent fashion and keep her and the other defendants informed regarding the case's progress. Roper took this approach, as she does in all cases in which she is a named party, to avoid the conflict of interest which necessarily arises when an attorney attempts to act as both lawyer and litigant-witness in the same case. *See Bottaro v. Hatton Assocs.*, 680 F.2d 895, 897-98 (2 Cir.1982); *Estate of Andrews by Andrews v. U.S.*, 804 F.Supp. 820, 823-24 (E.D. Va. 1992).

Plaintiff's counsel had initial discussions with Hilburn in December of 2013, in which the parties agreed to seek a continuance of the initial setting of the scheduling conference (Doc. Nos. 5, 7). However, in January of 2014 Hilburn temporarily stopped responding to communications from Plaintiff's counsel regarding the re-scheduled scheduling conference (*Id*.). As a result, Plaintiff alone filed a status report, and the scheduling conference was continued again, until March 6, 2014 (Doc. Nos. 7, 8).

As e-mail communications filed into the record by Plaintiff reveals, Hilburn resumed communication with Plaintiff's counsel in late February of 2014 (Doc. No. 23-5). At this time, Hilburn advised Plaintiff's counsel that another attorney, Tedrick Knightshead ("Knightshead"), would be taking over the case (*Id*.). Nonetheless, Hilburn provided Plaintiff's counsel with Defendants' portion of the status report, which was filed as Defendant's supplement to the Plaintiff's status report on March 4, 2014 (*Id*.; *see* Doc. No. 9 (the "Status Report Supplement")). This Status Report Supplement, jointly e-signed by Plaintiff's counsel and Hilburn, submitted an agreed-upon schedule regarding the amendment of pleadings, discovery, motion practice, *etc.* (Doc. No. 9). The Status Report supplement also contained (in the section of the report concerning the parties' positions *vis-à-vis* the litigation) the following statement: "The defendants deny that the plaintiffs' constitutional rights were violated by these defendants, ***and deny the specific factual allegations of the complaint against these defendants***" (Doc. No. 9, at 2) (emphasis supplied).

On March 6, 2014 the Magistrate Judge issued a scheduling order in accordance with the parties agreed-upon schedule (Doc. No. 10). Immediately following entry of the scheduling order, in the remainder of March and early April, the only activity in the case was

a series of show cause orders issued regarding Plaintiff's failure to timely serve a named defendant (Doc. Nos. 11-14, 16). This issue, which did not involve the present Defendants, was resolved by the voluntary dismissal of the unserved defendant (Doc. Nos. 13-14, 16).

During this time period, Hilburn retired from the practice of law, but did not withdraw from the matter or contact his anticipated replacement, Knightshead, regarding the matter. Nonetheless, the record clearly reflected that issue had been joined, the allegations in the complaint having been generally denied by all Defendants. Moreover, a scheduling order setting deadlines for the various stages of the litigation governed the case.

Nonetheless, on April 16, 2014 Plaintiff filed a motion for a preliminary default (Doc. No. 15). The motion disregarded the general denial contained in the Status Report Supplement, and incorrectly asserted that Defendants had not responded to the complaint (*Id*.). Later that same day the Clerk entered a default pursuant to Rule 55(a) (Doc. No. 17).

It was not until the next day that Knightshead (who under the extant scheduling order still had until April 28 to amend pleadings, and until July 31 to issue discovery) became aware of Plaintiff's action and the existence of the preliminary default. Knightshead, who was unaware of the content of the Status Report Supplement, immediately enrolled as counsel for Defendants and filed an answer and motion to set aside the preliminary default (Doc. Nos. 18-21). The answer was later stricken, and the motion to set aside the preliminary default was denied (Doc. Nos. 19, 30).

Throughout this litigation, Roper has not enrolled in this case. She has not reviewed, approved, or signed any pleading submitted to this Court. She has had no involvement in directing the activity of the attorneys representing Defendants (Hilburn and Knightshead).

- 3 -

PD.11820274.1

## II. Argument and Authorities

### A. Any Violation of Federal Rule of Civil Procedure 12 that Occurred in this Matter is Not Punishable by Sanctions.

While the Show Cause Order refers generally to the Federal Rules of Civil Procedure, Local Rules, and orders of the Court, the only rule or order actually cited by the Show Cause Order is Federal Rule of Civil Procedure 12 concerning the time within which an "answer" must be filed. It is true that no "answer" was filed within the deadline established by Rule 12. However, under the Federal Rules of Civil Procedure the prescribed penalty for the failure to timely file an answer is a default judgment; the statutory scheme simply does not contemplate sanctions (other than default) for the failure to meet a Rule 12 deadline. *Feagins v. the Trump Organization*, 2013 WL 5436549, *3 (D. Nev. 9/27/13) ("Essentially, the Plaintiffs waived their remedy by not seeking default; therefore, the Court finds that Defendants' failure to timely file an Answer, without more, is an insufficient basis for sanctions.").

Moreover, it is now clear from a consideration of the previously neglected Status Report Supplement (Doc. No. 9) that Plaintiff chose to seek a default only ***after*** an "answer" had been filed. Under Federal Rule of Civil Procedure 8(b) a general denial of the allegations set forth in the complaint is a sufficient response to that complaint, and a general denial is precisely what is contained in the Status Report Supplement. *Alonso v. Agrigenetics, Inc.,* 2004 WL 2668801 (S.D.Tex. Nov.15, 2004) (statement in pleading that "I deny any wrongdoing alleged by Plaintiffs in their lawsuit against me" was a sufficient "answer" to the complaint). The fact that this general denial was set forth in a status report rather than a document denominated "answer" is immaterial, because under the Federal

Rules of Civil Procedure it is the substance of the pleading, not its form, which determines its effect. *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 194-95 (5 Cir. 1980) (holding that Rule 41 satisfied by verbal statement, and that "[t]o require the filing of a formal document would be to countenance a mechanistic view of the Federal Rules of Civil Procedure and exalt form over substance."); *see Torabi v. Gonzales*, 165 Fed. Appx. 326, 329 (5 Cir. 1/30/06) (request for review contained in status report constituted timely and sufficient petition for review of Board of Immigration Appeals ruling); *SEC v. Amerifirst Funding, Inc.*, 2007 WL 4226921, *2-3 (N.D. Tex. 11/29/07) (declaration filed by defendant denying fraud allegation sufficient to constitute "answer" for purposes of default judgment motion); ." *Interscope Records v. Benavides,* 241 F.R.D. 458, 459 (W.D. Tex.2006) (letter from defendant to Clerk of Court stating "I am denying all charges brought against me" was a sufficient "answer" for purposes of default judgment motion); *Patton v. Jefferson Parish Sheriff's Office*, 1997 WL 4568, *1 (E.D. La. 1/6/97) (letters filed with court by defendants denying responsibility for plaintiff's damages due to allegedly false arrest was a sufficient "answer" for purposes of default judgment motion). Because it is questionable whether even the statutorily prescribed sanction (default judgment under Rule 55) is available to Plaintiff, the imposition of *additional* sanctions is doubly inappropriate.

**B.     On This Record, the Additional Matters Cited by the Show Cause Order Do Not Comprise Sanctionable Conduct.**

The Show Cause also references Defendants' post-default filing of an answer (as a the Status Report Supplement reveals, Defendant's second answer) without a request for

leave,[1] along with a motion to set aside the default judgment. There is no specific statute authorizing the imposition of sanctions in regard to such conduct. *Compare* Fed. R. Civ. Pro. Rule 16(f) (authorizing sanctions for failure to comply with scheduling orders), 37 (authorizing sanctions for failure to comply with discovery rules and orders), 55 (authorizing default judgment for the failure to timely file an answer). Accordingly, in the instant matter the Court can impose sanctions only if authorized to do so under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or its inherent power. *Arnold v. Federal National Mortgage Assoc.*, ___ Fed. Appx. ___, 2014 WL 2180277, *2 (5 Cir. 5/27/14).

    **a.**    **Roper is not subject to sanctions under Rule 11.**

Turning first to Rule 11, the Supreme Court has held that this rule authorizes sanctions only in regard to the signing of pleadings, and only against an attorney who has ***personally*** signed a pleading. *Pavlec & Laflore v. Marvel Entertainment Group*, 493 U.S. 120, 123-127, 110 S.Ct. 456, 458-60, 107 L.Ed.2d 438 (1989) (Rule 11 did not authorize sanctions against law firm even though partner signed pleading). The Show Cause Order does not identify the contents of any pleading filed by Defendants which are alleged to violate Rule 11 (as required by the rule), and in any case Roper has not signed any pleading in this matter. Thus, Rule 11 does not authorize the imposition of sanctions on Roper.

    **b.**    **There is no basis to impose sanctions on Roper under 28 U.S.C. § 1927.**

Turning to 28 U.S.C. § 1927, this statute authorizes the imposition of sanctions on "[a]ny attorney or other person admitted to conduct cases in any court of the United States [who] multiplies the proceedings in any case unreasonably and vexatiously . . . ." "Sanctions

---

[1] If the pleading filed on April 17 had been denominated an "amended answer," it would have been timely and properly filed under the scheduling order.

under 28 U.S.C. § 1927 are punitive in nature and require clear and convincing evidence that *every facet* of the litigation was patently meritless and evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Bryant v. Military Dep't of Mississippi*, 597 F.3d 678, 694 (5 Cir.) (emphasis in original) (internal quotation marks and citation omitted), *cert. denied*, ___ U.S. ___, 131 S.Ct. 287, 178 L.Ed.2d 141 (2010).

There is no evidence that any of Defendants' counsel has introduced unnecessary and/or meritless issues in this litigation, much less that the entire defense of this case has been some kind of pointless sham. To the contrary, while the Court has (at least up to this point) ruled against Defendants in the default proceedings, consideration of the Status Report Supplement indicates that the only thing which has "multiplied" this proceeding is an improvidently filed default motion. Regarding the post-default filings (including the second, formal "answer," which was filed within the time allowed by the scheduling order for the amendment of pleadings), there is likewise ample jurisprudence to suggest that counsel's prompt filing of an answer and motion to set aside the preliminary default were, if not meritorious, at least procedurally proper and warranted under the circumstances. *See, e.g., Side by Side Redevelopment, Inc. v. City of New Orleans*, 2010 WL 375237, *4 (E.D. La. 1/25/10) (granting motion to set aside default because failure to file an answer was inadvertent and "when counsel for the City discovered that the deadline for filing responsive pleadings had passed and that a default had been entered, the City acted promptly by filing an answer and filing a motion to set aside default."); *Jefferson v. Louisiana*, 2009 WL 811505, *1 (W.D. La. 3/19/09) (after entry of default in civil rights suit, filing of answer was permitted and default set aside, where delay in filing answer was due to neglect); *Lutwin v.*

*City of New York*, 106 F.R.D. 502, 504 (S.D.N.Y. 1985) (granting motion to set aside default judgment in civil rights case where failure to file an answer as required by scheduling order was the result of inadvertence and neglect rather than willful conduct). There is simply no basis for the imposition of sanctions under 28 U.S.C. § 1927 on this record.

      **c.    There is no basis to impose sanctions on Roper pursuant to this Court's inherent authority to regulate the proceedings.**

The Fifth Circuit has observed that a court's inherent power to issue sanctions is a limited one, appropriately exercised only when necessary to protect the make the court function. *Hornbeck Offshore Services, LLC v. Salazar*, 713 F.3d 787 (5 Cir.), *cert. denied*, ___ U.S. ___, 134 S.Ct. 823, 187 L.Ed.2d 685 (2013). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Hornbeck Offshore*, 713 So.2d at 792 (internal quotation marks and citation omitted). Sanctions in this context require a specific finding that the violation in question was made in "bad faith;" "mere negligence does not trigger a court's inherent sanctioning power." *Maguire Oil Co. v. City of Houston,* 143 F.3d 205, 211–12 (5 Cir.1998); *see Terra Partners v. Rabo Agrifinance, Inc.*, 504 Fed. Appx. 288, 290 (5 Cir. 12/21/12) ("The threshold for using our inherent powers is high, and we must make a specific finding that the sanctioned party acted in 'bad faith,' before imposing sanctions.") (internal quotation marks and citations omitted).

The Show Cause Order does not indicate, and the record does not reflect, that any Defendant or their counsel has violated any order of the Court. No reported case holds that the mere failure to file pleadings within the time limits required by the Federal Rules of Civil Procedure, without some further order mandating such compliance, warrants the imposition

of sanctions. Even if the Court is inclined to hold that the mere failure to miss a deadline imposed by rule or order is a sufficient basis for a finding of contempt, there is not a scintilla of evidence that any such failure in this case was the result of "bad faith." To the contrary, the record clearly shows that any delays in this matter were the function of Defendants' original attorney retiring from the practice of law and transferring his files to other counsel.

**C.     Roper Cannot be Sanctioned For the Action or Inaction of Another Attorney**

Finally, even if the Court is willing to assume *arguendo* that the conduct of Defendants' two counsel (Hilburn and Knightshead) is in some way sanctionable (either under Rule 11, Section 1927, or the Court's inherent power), this does not translate into a conclusion that sanctions are likewise appropriate as to Roper. The imposition of sanctions requires proof of personal "bad faith" involvement in the allegedly contumacious conduct; there is no such animal as vicarious or supervisory liability in this realm of sanctions. *Wolters Kluwer Financial Services, Inc. v. Scivantage*, 564 F.3d 110, 114-15 (2 Cir. 2009); *Claiborne v. Wisdom,* 414 F.3d 715, 722–24 (7 Cir. 2005); *see Achmed v. Reiss Steamship Co.*, 761 F.2d 302, 310 (6 Cir. 1985) ("Absent proof that appellant authorized or ratified the allegedly false representation, appellant cannot be held vicariously guilty of contempt.") (citation omitted); *In re American Telecom Corp.*, 319 B.R. 857, 875 (Bankr. N.D. Ill. 2004) ("Shifting sanctions to a represented party (or its controlling officer) or imposing joint and several liability along with the attorney, however, would require an additional factual finding of separate responsibility for the violation based on the knowledge, participation, and involvement of the party.") (citations omitted). There is not a scintilla of evidence that Roper directed, participated in, or even knew of the conduct described in the Show Cause Order.

In sum, there is no legal basis for the imposition of sanctions against Roper. Undersigned counsel prays that this Court, after due consideration of the facts and the law, decline to impose sanctions on Defendant Roper.

Respectfully submitted,

**KNIGHTSHEAD LAW FIRM**

/s/ Tedrick S. Knightshead
Tedrick K. Knightshead (Bar Roll No. 28851)
2415 Government St.
Baton Rouge, LA 70806
P.O. Box 946
Baton Rouge, LA 70821
Phone: 225-388-5265
Fax: 225-388-5869

and

**PHELPS DUNBAR LLP**

/s/ Shelton Dennis Blunt
Shelton Dennis Blunt, Bar Roll No. 21230
Paul LeBlanc, Bar Roll No. 23186
II City Plaza • 400 Convention St.• Suite 1100
Baton Rouge, Louisiana 70802
P.O. Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: (225) 346-0285
Telecopier: (225) 381-9197
Email: bluntd@phelps.com
leblancp@phelps.com

ATTORNEYS FOR DEFENDANT MARY ROPER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3RD day of July, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Tedrick S. Knightshead_____