**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE  DISTRICT OF LOUISIANA**

**ERNEST TAYLOR**                                              **CIVIL ACTION**
             **Plaintiff**


**VERSUS**


**THE CITY OF BATON ROUGE, ET AL**             **NO. 13-579-BAJ-RLB**
             **Defendants**

### DEFENDANTS' PRE-HEARING MEMORANDUM
### REGARDING DETERMINATION OF MONETARY DAMAGES

This memorandum is submitted on behalf of all defendants, and is in response to the Court's

order fixing hearing on October 23, 2014, for the purpose of determining such damages as may be

due to the plaintiff as a result of a default judgment previously entered in this matter relative to

plaintiff's allegations that defendants have violated plaintiff's Second Amendment right to bear arms

(Doc. 69).

Defendants note that their motion to set aside the default is still pending.  (Doc. 77). For the

reasons expressed therein, as well as those addressed by the plaintiff in his pre-hearing memorandum

regarding determination of monetary damages (Doc. 81). concerning the difficulty in determining

damages in a piecemeal fashion, it is respectfully submitted that it would be appropriate to set aside

the default and move forward with this litigation addressing all claims together.

Should this Court deem it inappropriate to set aside the default, defendants alternatively

suggest that even though a default judgment has been entered against defendants and the plaintiff's

factual allegations are to be taken as true, the plaintiff must prove to a reasonable certainty  his right

to damages and the amounts to which he might be entitled. (*Everyday Learning Corp. V. Larson,*

242 F. 3ʳᵈ 815, (8ᵗʰ Cir. 2001), citing *North Cent. Co. V. Phelps Aero, Inc.*, 272 Minn, 413, 139 N.W.

2d 258,263 (1965).  See also *Stephenson v. El-Batrawi*, 524 F. 3d 907, (8th Cir. 2008).

> While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages. *Greyhound Exhibitgroup, Inc. V, E.L.U.L. Realty Corp.,* 973 F.2d 155,158 (2nd Cir. 1992) (citing *Flaks v. Koegel,* 504 F2d 702,707 (2d Cir. 1974) and FED. R. Civ. :P. 8(d)).  Claims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded an opportunity to contest the amount claimed. *Barbera v. Tadco Construction Corp.*, 647 F. Supp. 2d 247, 251.

Defendants agree with plaintiff's characterization of his claim as a "conversion," as that seems to be an accurate description of the actions that plaintiff claims caused his damages.   Plaintiff claims that the property "converted" by defendants was plaintiff's three rifles that were located in his vehicle.   As a factual matter it is noted that, the city prosecutor's office filed a misdemeanor affidavit charging Mr. Taylor with Count (1) 13:95.3, possession of weapons where alcohol is sold; Count (2) 13:108, resisting an officer; and Count (3) 11:283, headlights required, on December 3, 2012.  Mr. Taylor was set to be arraigned on December 14, 2012.   Mr. Taylor failed to appear for his arraignment date, and a bench warrant was issued.  On January 23, 2013, Mr. Taylor's bench warrant was recalled, and he was given a new arraignment date of February 22, 2013.

Mr. Taylor pled not guilty on February 22, 2013, and the court fixed June 18, 2013 as his trial date.  On June 18, 2013, the defense moved to continue the trial date.  The court granted the motion, and Mr. Taylor was given November 8, 2013 as his new trial date.   On September 13, 2013, Mr. Taylor initiated this action, wherein he named the chief of police, city prosecutor, and parish attorney, all as defendants.  In response to being named as a defendant in a federal case, the city prosecutor's office filed a "Motion and Order of Recusal" on October 31, 2013. The recusal motion was set for hearing on November 8, 2013.

After said hearing, the court issued an order recusing the city prosecutor's office, and

appointing the Attorney General's office to handle the prosecution of Mr. Taylor's criminal matter. The trial date was reassigned to April 28, 2014. At that point, the City-Parish was not the prosecuting body and had no authority to return evidence that was being held as part of the prosecution of Mr. Taylor's case. The Attorney General's office dismissed the charges against Mr. Taylor on April 28, 2014. On Friday, June 20, 2014, an order was signed authorizing the return of Mr. Taylor's weapons to him. After a discussion with Mr. Taylor's counsel, a new order was prepared and signed on Monday, June 23, 2014, authorizing Mr. Terrence Donahue to retrieve Mr. Taylor's weapons. Mr. Donahue, on behalf of Mr. Taylor, retrieved the weapons from City Police evidence on June 23, 2014. This is the conduct which constitutes the "conversion" at issue.

"Traditional damages for conversion consists of the return of the property itself, or if the property cannot be returned, the value of the property at the time of conversion." *Boisdore v. International City Bank & Trust Co.,* 361 So 2d. 925 (La. App. 4th Cir. 1978). The evidence will establish that the plaintiff's property has been returned, so the value of the property is not at issue. In his memorandum, plaintiff alleges four items of special damages:

1. Fees of an attorney retained for representation in the criminal matter in City Court;

2. Plaintiff's lost wages;

3. The value of ammunition that plaintiff maintains was not returned with the guns;

4. The cost of an inspection of the weapons upon their return.

At the present time, defendants have no details of these claims and, therefore, are not in a position to argue that plaintiff's claims to these special damages are reasonable or not. Defendants can only request that the Court require sufficient evidence to establish plaintiff's claims to a reasonable certainty. "In order to be entitled to an award for lost wages, a plaintiff must prove

positively that he would have been earning the wages but for the accident in question" (*Woolfold v. Trism, Inc., et al.*, 976 So 2d 216, 221 -222 (La. App. 4th Cir. 2008). While these four items are of a nature that could be recoverable based upon a conversion of property, defendants do not admit that plaintiff's claims are in fact sufficiently related to the conversion to be recoverable. Defendants respectfully request the right to object to evidence of these items should it appear that they are not related to the removal of plaintiff's guns.

Plaintiff also maintains that he is entitled to general damages and describes those damages as worry, anxiety and mental stress over his inability to defend his home and vehicle, causing a loss of sleep and enjoyment of life, all caused by loss of possession of his three guns.

Plaintiff also claims, as an item of general damages, that the loss of possession of his firearms required that he alter his lifestyle which resulted in his being no longer able to participate in his usual activities because, without the weapons, he was fearful of being defenseless in dangerous situations, "or of being accosted by police personnel without justification" (Plaintiff's memorandum, Doc. 81, pages 3 and 4).

Defendants suggest that these items can best be dealt with as mental anguish, as that is what "worry, anxiety and mental stress" describe. Admittedly, mental anguish, if sufficiently proven is a proper item of recovery resulting from a conversion of property. Defendants submit, however, that proof of such must be to a reasonable certainty, and should not be based solely upon the testimony of the plaintiff. (See *Baudin v. Acadia Parish Police Jury*, 620 So 2d 453, 458 (La. App. 3d Cir. 1993.)  In most cases where the courts have awarded damages for mental anguish for conversion of property, the courts have found objective factors that support the plaintiff's claim. For example, in *Boisdore,* 361 So 2d at 932, in awarding $7,500 for wrongful eviction and conversion of plaintiff's

premises, which plaintiff operated as a school, the court set out the factors that created a reasonable belief that the plaintiff had suffered mental anguish.

> The evidence establishes that Mr. Boisdore suffered a great deal of mental anguish as a result of the loss of this property. Even if it were not properly established that he could have opened up a school next door if he had had his equipment, he certainly believed that he could have done so, which only increased his frustration and anguish as the delay grew longer and longer. In addition, aside from his school equipment, many school records were locked in the buildings, such as children's health certificates and teachers' teaching certificates. As a result, parents and teachers were constantly calling him because they needed these records either to enroll their children elsewhere or to teach elsewhere. These constant telephone calls, when he had no answer to give, were particularly emotionally disturbing to him.

> Both plaintiff and his wife testified regarding the change in Mr. Boisdore's personality after the school closed. Apparently the school was especially important to him because he had started it in memory of his mother, naming it after her because she had operated a nursery school for thirty or forty years. He and his wife worked very closely with the school and had an excellent relationship with each other, which deteriorated seriously after the school was closed. The Boisdores separated in August 1974 and had not reconciled at the time of trial in 1976. Friends of the Boisdores, Mr. and Mrs. Robert Francis and Mr. Joseph Laura, also testified to the devastating effects of the school's closing on Mr. Boisdore.

General damages that a plaintiff may recover as a result of conversion of property are essentially damages for humiliation and embarrassment, and the awards depend upon the particular facts of each case. They range from zero (*Robertson v. Geophysical Service, Inc.*, 469 So 2d 22, La. App. 1st Cir. 1985) to the awards described by plaintiff in his memorandum.

At this point, defendants do not have sufficient information to be able to analyze plaintiff's claims and compare them to the damages treated by the courts in reported cases, so defendants are unable to suggest particular amounts of damages to the Court at this time.

Defendants respectfully suggest that any embarrassment or humiliation that might have been suffered by plaintiff as a result of the temporary loss of possession of his rifles could have been no

more than mere annoyance. Such minimal worry is not a recoverable damage. In *Robertson v. Geophysical Service, supra*, the trial court awarded plaintiff $9,000 for damage caused to his boat and $5,000 for mental anguish. The First Circuit affirmed the award for property damage but reversed that for mental anguish, stating, at page 24:

> "In order to recover for mental anguish, it must be proven that plaintiff suffered more than minimal worry and inconvenience over the consequences of the damage." *Meyers v. Basso*, 381 So2d 843 at 845 (La. App. 1st Cir.), *writ refused*, 384 So.2d 794 (La. 1980). Here there is no showing that Robertson required medical or psychiatric care as a result of the sinking of the *Silver Eagle*. All that is shown is minimal worry and inconvenience, in the language of *Meyers v. Basso*. Hence, the trial court erred in awarding any sum for mental anguish.

> The Second Circuit (Louisiana) in *Farr v. Johnson, et al*, 308 So2d 884, 885, (La. App. 2nd

Cir. 1975), wrote, "Such minimal worry over the consequences of damage to one's property is not 'damage' which one whose fault caused damage to the property is obligated to repair...." Thus, defendants suggest that, absent some unforseen evidence which plaintiff may produce at the hearing, it would be appropriate to deny the request for mental anguish.

**Conclusion**

For the reasons appearing above, and given the many unresolved issues in the case, defendants join plaintiff's request that a status conference be set in this matter prior to the hearing on October 23, 2014, in order to clarify issues.

Respectfully Submitted:

/s/ Gwendolyn K. Brown
GWENDOLYN K. BROWN
Special Asst. Parish Attorney
La. Bar Roll No. 19891
10500 Coursey Blvd, Suite 205
Baton Rouge, LA   70816
Telephone (225) 389-8730
Facsimile (225) 389-8736
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum on Behalf of Defendants has been served on plaintiff's counsel, Mr. Terrence J. Donahue, Jr., 340 Florida Street, Baton Rouge, LA, 70801, through a Notice of Electronic Filing generated by the Court's CM/ECF system, this 7th day of October, 2014.

/s/ Gwendolyn K. Brown
GWENDOLYN K. BROWN