IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERNEST TAYLOR | § | CIVIL ACTION |
| Plaintiff, | § | |
| VS. | § | |
| THE CITY OF BATON ROUGE, ET AL. | § | NO. 13-579-BAJ-RLB |
| Defendants. | § | |

## DECLARATION OF TERRENCE J. DONAHUE, JR.

I, Terrence J. Donahue, Jr., under penalty of perjury, do hereby declare as follows:

1. I am over 18 years of age and a resident of Baton Rouge, Louisiana. Unless I state otherwise I have personal knowledge of the matters stated in this Declaration, and, if called as a witness, could competently testify to the facts appearing herein.

2. I am an attorney specializing in complex litigation who is licensed to practice law in Louisiana and represented Plaintiff, Ernest Taylor, in the above-captioned matter.

3. Since my admission to the Bar in 2009, I have handled numerous aspects of various product liability (including mass torts), medical malpractice, intellectual property, contract, and civil rights cases at both the trial and appellate levels. The cases in which have been involved have primarily been litigated in federal court.

4. In the course of my trial practice, I have litigated cases in numerous federal and state district courts, and have been admitted to practice before courts located in Alabama, Arkansas, Florida, Georgia, Iowa, Louisiana, Maryland, Mississippi, Nevada, New Mexico, North Carolina, Ohio, Oklahoma, Oregon, South Carolina, Texas, and Vermont.

1

5. In the course of my appellate practice, I have prosecuted appeals in intermediary state appellate courts in Iowa, Louisiana, and Mississippi, in addition to the Supreme Courts of Iowa and Mississippi. I have also been admitted to, and prosecuted appeals in, the Federal Courts of Appeal for the Fourth, Fifth, Eighth, Ninth, and Tenth Circuits, in addition to gaining admission and filing Petitions for Certiorari in the United States Supreme Court.

6. At all times relevant to this action, the billable rate for work I performed was $150 per hour. This amount is less than similarly qualified attorneys in the Baton Rouge area charge for their services.

7. I was introduced to Ernest Taylor in connection with my employment at McGlynn, Glisson & Mouton sometime prior to 2013. Mr. Taylor had previously been a client of the firm in connection with a personal injury claim, and had previously sought help from the firm with intellectual property issues.

8. Mr. Taylor had previously been represented by Chris Glisson, a partner at McGlynn, Glisson & Mouton, in connection with these matters.

9. In July of 2013, Mr. Glisson approached me about representing Mr. Taylor in connection with his arrest and the confiscation of his firearms in October of the previous year.

10. After meeting with Mr. Taylor and performing some preliminary research, I agreed to accept Mr. Taylor as a client, provide a criminal defense to the charges brought against him, and to pursue vindication of his constitutional rights through an action brought in federal court.

11. As part of my agreement to accept Mr. Taylor as a client, Mr. Taylor signed a contingency fee contract. The amount of the fee to be taken from Mr. Taylor's award was to be reduced by any award of attorney's fees that was made in connection with his suit, according to

the contract.

12. Both Mr. Taylor's criminal defense and civil claims involved novel and complex issues, and required a substantial amount of time and energy to litigate, particularly given the recalcitrance of the defendants, and the necessity of responding to multiple superfluous pleadings that were later withdrawn.

13. In connection with Mr. Taylor's criminal defense, for example, I was required to prepare to defend Mr. Taylor at trial on three separate occasions, despite Defendants' lack of intent to take the case to trial. On each scheduled trial date, Defendants took actions to further postpone the ultimate resolution of the criminal charges brought against Mr. Taylor without communicating to me their intent to take such actions.

14. The time and attention necessary to adequately protect Mr. Taylor's interests in connection with his criminal defense and the prosecution of his civil claims precluded me from working on other lucrative projects, a fact known to Mr. Taylor at the time he engaged my services.

15. While engaged as counsel for Mr. Taylor, I kept notes regarding the time spent on his case, as he would be entitled to an award for attorney's fees in the event of a favorable outcome.

16. I have reviewed my notes and other documents generated in connection with serving as Mr. Taylor's counsel which indicate 84 billable hours were devoted to Mr. Taylor's defense against the criminal charges brought by the City of Baton Rouge. In addition, 298.25 billable hours of time were required to successfully prosecute Mr. Taylor's civil claims in federal court. These billable hours represent a significant reduction from the actual hours spent on Mr. Taylor's case, as it does not reflect significant expenditures of time which were necessary to familiarize myself with civil rights claims such as his.

17. All of the statements appearing above are true and correct to the best of my knowledge.

Respectfully submitted this 21st day of September, 2015,

>s/ Terrence J. Donahue, Jr.
>Terrence J. Donahue, Jr. #32126
>**ATTORNEY**
>312 S. Acadian Thwy.
>Baton Rouge, Louisiana 70806
>(225) 939-9104

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record through a Notice of Electronic Filing generated by the Court's CM/ECF system on this, the 21st day of September, 2015.

>s/ Terrence J. Donahue, Jr.
>Terrence J. Donahue, Jr.

4