UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNEST TAYLOR** | **CIVIL ACTION** |
| **VERSUS** | |
| **THE CITY OF BATON ROUGE, ET AL** | **NO.: 3:13-CV-00579-BAJ-RLB** |

<u>**MEMORANDUM IN SUPPORT OF**</u>
<u>**PLAINTIFF'S MOTION TO SUBMIT INFORMATION REGARDING DAMAGES**</u>

NOW BEFORE THE COURT comes Plaintiff, Ernest Taylor, by and through undersigned counsel, and as directed by the Court submits this memorandum in support of his motion seeking to submit information regarding the Plaintiff's damages which were caused by the actions of the Defendants for which this Court has granted the Plaintiff a default judgment.

**1.      Scope of this motion.**

Through this motion the Plaintiff seeks to provide the Court with information regarding damages only with respect to those claims for which a default judgment has been granted. The Plaintiff reserved some of his claims in this lawsuit (which the Plaintiff will refer to as *Taylor 1*, consistent with the Court's method of distinguishing this case from the later-filed and related complaint in Docket No. 3:15-CV-00153 which will be referred to as *Taylor 2*) and the Plaintiff understands that those claims were not part of the default judgment rendered in this case.

Plaintiff understands that the default judgment encompasses his request for declaratory and injunctive relief regarding the constitutionality and enforcement of Baton Rouge Code § 13:95.3, Possession of a Firearm Where Alcohol is Being Sold,

the damages sustained by the Plaintiff due to the violation of his Second Amendment rights, the damages sustained by the Plaintiff as a result of his arrest, imprisonment, and prosecution for his alleged violation of this statute, and if appropriate punitive damages for individual defendants' continued enforcement of a law which was unconstitutional and their continued prosecution of the Plaintiff long after they were aware of the unconstitutionality of the statute.

**2.     Procedural Posture of the Case.**

Plaintiff is still somewhat uncertain regarding the Court's desires regarding the claims from *Taylor 1* which are not part of the default judgment.  Plaintiff recently filed a motion to amend the Complaint in *Taylor 2* based upon counsel's belief that it might be necessary to continue to litigate all of the claims other than those covered by the default in *Taylor 1* in that caption.  Upon further reflection, it may be that it would be more efficient to proceed in *Taylor 2* with all claims which were not covered by the default judgment, plus the claims associated with the Plaintiff's second arrest.  Counsel is conferring with the Plaintiff and with co-counsel and will make a decision within the next few days, and will then proceed in a manner consistent with that decision.

Following the last conference with the Court, Plaintiff understood that until the Defendants had filed responsive pleadings in *Taylor 2* all matters were "on hold" including discovery.  As a result, the parties have not engaged in any discovery regarding matters relevant to the damages associated with the default judgment.  One area in which discovery would be helpful would be in documenting other instances in which one or more of the individual Defendants had engaged in arrests and

prosecutions of individuals for violations of statutes known to be unconstitutional, for purposes of punitive damages. Plaintiff suggests that it would be appropriate for the parties to be allowed a brief period of discovery to establish the facts in this regard prior to the Court making a determination regarding whether punitive damages are appropriate and if so against which defendants and in what amount.

**3.     Evidence Regarding Damages.**

The Plaintiff requests that the Court consider the prior memorandum filed on his behalf regarding damages: "Plaintiff's Pre-Hearing Memorandum Regarding Determination of Monetary Damages" (Document 81). This Memorandum provides information regarding an appropriate award of damages.

The Plaintiff understands that his attorney Mr. Terrence J. Donahue, Jr. is separately submitting an affidavit regarding attorney fees, and that this affidavit will address the attorney fees incurred by the Plaintiff for the defense of the criminal case against him (as a separate item of damages) as well as his attorney fees for purposes of an award of such fees to him as the prevailing party in this litigation.

The Plaintiff has also prepared and executed a Sworn Declaration containing information relevant to the damages to be awarded in this case. That Sworn Declaration makes reference to a news story containing an excerpt of the videotape of the Plaintiff's October 13, 2012 arrest, which is offered to provide the Court with some context regarding the interaction of the Plaintiff with the arresting officers. As discussed above, Plaintiff understands that the Default Judgment did not cover a claim of the use of excessive force or other mistreatment by the police officers beyond their unlawful arrest for an alleged violation of an unconstitutional statute and the violation of the

Plaintiff's Second Amendment rights, and the link to the video is not intended to expand the claims presently before the Court.  It should also be noted that the Plaintiff did sign the Complaints in both *Taylor 1* and *Taylor 2* under oath, and he has incorporated those Complaints by reference in his Sworn Declaration.

**4.     Request for Relief, and Prayer**.

The Plaintiff requests that the Court accept the items as described above, along with his Sworn Declaration which will be filed as an attachment to this Motion, and grant his request to consider these items in awarding appropriate damages in this case.

With regard to the Plaintiff's request for punitive damages, Plaintiff shows that it would be appropriate to allow the parties a brief period to conduct discovery regarding matters relevant to punitive damages.

As set forth in the Motion, the Plaintiff therefore prays that the Court grant his Motion and consider the items described herein in making an appropriate award of damages, after first granting the parties a brief period within which to conduct discovery limited to the issue of punitive damages.

**Respectfully Submitted**,

/s/ Karl J. Koch
**KARL J KOCH (#17010)**
P.O. Box 359
Baton Rouge, LA 70821
Tel: (225) 223-6215
Fax: (225) 612-6412

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served on all counsel of record via the ECF system, this 21st day of September, 2015.

/s/ Karl J. Koch