UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ERNEST TAYLOR                                             CIVIL ACTION

VERSUS

THE CITY OF BATON ROUGE, ET AL            NO. 3:13-CV-00579-BAJ-RLB

MEMORANDUM
IN SUPPORT OF DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO SUBMIT INFORMATION REGARDING DAMAGES

To The Honorable Chief Judge:

This memorandum is submitted on behalf of all defendants in support of defendants opposition to plaintiff's motion to submit information.  Defendants oppose plaintiff's motion on the grounds and for the reasons set forth hereinafter.

Defendants respectfully oppose plaintiff's request for continuance.  Plaintiff seeks an opportunity to conduct discovery relative to items which have no relevance to either plaintiff's complaint, his motion for default judgment, or the Court's order of September 1, 2015.

In his complaint, as well as in his Motion for Entry of Default Judgment (doc. 26), plaintiff lists his requested relief as: an order permanently enjoining the city from enforcing ordinance 13:95.3, or prosecuting individuals under that ordinance; an order requiring the city to return plaintiff's firearms; and determination of the amount of monetary damages to which plaintiff might be entitled.  In his complaint, plaintiff has prayed for no more than that. Defendants suggest that plaintiff is incorrect in his statement in his memorandum that "the plaintiff has reserved some of his claims in this lawsuit...."  But defendants agree that such claims were not part of the default judgment.  They are not part of that judgment because they

-1-

were not a part of the relief prayed for by plaintiff in his complaint.

Plaintiff has not, in either complaint or motion for default judgment, requested an award for punitive damages. Nevertheless plaintiff seeks discovery for the purpose of "... documenting other instances in which one or more of the individual defendants had engaged in arrests and prosecutions of individuals for violations of statutes know to be unconstitutional for the purposes of punitive damages" (Pages 2-3, plaintiff's memorandum). The reference is obviously to arrests of persons other than plaintiff. Plaintiff has no standing to raise the issue of the violation of other persons rights, even had such occurred, and certainly no right to recover damages for injuries to others.

Defendants submit that permitting the continuance and discovery for the purposes indicated by plaintiff would serve no useful purpose and would amount to an improper enlargement of plaintiff's complaint with no opportunity for defense.

Thus, defendants respectfully suggest that the plaintiff's request for a continuance for the purposes plaintiff has indicated be denied.

Defendants submit that the information supplied by plaintiff in response to the Court's order is inadequate to establish plaintiff's right to any of the relief he has requested. In short, plaintiff has failed to prove his case.

Plaintiff's case hinges upon his assertion that the ordinance is unconstitutional because it violates the Second Amendment to the U.S. Constitution. That amendment provides that "...the right of the people to keep and bear arms, shall not be infringed." Plaintiff's position is that the state may not limit his rights under that amendment. In other words, plaintiff claims a constitutional right to possess a firearm on the premises of a location where alcoholic beverages

are sold. However, Second Amendment rights are subject to limitations (See *District of Columbia v. Heller,* 554 U.S. 574,594, 128 S.Ct. 2783, 2799). For example, possession of a firearm aboard an airplane would be met with severe disapproval.

The temporary removal of plaintiff's firearms did not amount to a violation of plaintiff's rights under the Second Amendment. In *Garcha v. The City of Beacon*, 351 F.Supp. 2d 213, (S.D.N.Y. 2005),  plaintiff claimed a violation of his Second Amendment rights when his firearm was seized and destroyed by officers. The court there, at page 217, wrote:

> ...(A)t worst, the City converted a single gun belonging to defendant, by causing its destruction. This does not state any claim under the Second Amendment, since defendant has not be prevented from "bearing arms." It is true that he cannot bear the weapon that was destroyed, because it no longer exists. But the "right to bear arms" is not a right to hold some particular gun. Nothing in plaintiff's pleading or other papers suggests that any action taken by defendants would prevent him from acquiring another weapon.

Similarly, the Eighth Circuit, in *Walters v. Wolf*, 660 F 3d 307, 316, (CA 8 2001), stated:

> Nevertheless, in *Heller*, the Court recognized that "the right secured by the Second Amendment is not unlimited." 554 U.S. at 626, 128 S. Ct. 2783. Here, the district court concluded that "*Heller* and *McDonald* did not establish the right to possess a specific firearm that plaintiff asserts here." *Walters,* 2010 WL 4290105, at *2. The district court, in essence, determined that Walters must do more than show that the City kept him from possessing one particular firearm to establish a violation of the Second Amendment; Walters must also show that the City kept him from acquiring any other legal firearm.

The ordinance at issue, at best, merely limits plaintiff's right to possess firearms. Plaintiff has offered no evidence to establish that this limitation is unreasonable. Surely it is clear that there is a legitimate governmental interest in seeing that intoxicated persons in a bar, or in the parking lot of a bar, are not armed. The ordinance is reasonably related to that interest, and plaintiff has offered no evidence to the contrary.

In paragraph 15 of his complaint filed in this matter, plaintiff denies that he was parked in the parking lot of Romeo's Bar, but was parked in the parking lot of a Dollar General store located across the street. The important point is that because of default, the only evidence on the point is plaintiff's allegation in paragraph 15. Therefore, plaintiff has proved that he was not in violation of the ordinance anyway, and the constitutionality of the ordinance is academic.

As a rule the Courts avoid reaching and deciding constitutional questions unless necessary to a decision of the case (see *Burton v. United States*, 196 U.S. 283,295, 25 S. Ct. 243; and *United States v. Whitted*, 541 F3d 480, 491 - 92 (3rd Cir. 2008).

Defendants submit that a declaration that city ordinance 13:95.3 is unconstitutional as being in violation of the Second Amendment would be improper. Plaintiff's allegation that the ordinance is in violation of the Second Amendment is only that, an allegation. More particularly, it is a conclusion of law. Where a judgment by default is involved, defendants are held to have admitted well-pleaded facts, but are not held to have admitted facts that are not well-pleaded or conclusions of law (*Direct T.V. v. Hoa Huynh*, 503 F 3d 847, 854 (9th Cir. 2007); see also *J & J Sports Productions, Inc. V. Romenski*, 845 F. Supp. 2d 703, 705, (W.D. N.C. 2012).

Plaintiff's assertion that the defendants' actions deprived plaintiff of his rights under the Second Amendment, is a conclusion of law. Defendants do not admit that the ordinance violates the Second Amendment because the ordinance does not deprive anyone of their right to possess or bear arms.

Defendants oppose and object to those statements in Ernest Taylor's Sworn Declaration that are not relevant to his allegations that he was deprived of his Second Amendment right to possess and bear arms. Specifically, defendants request the Court to strike and disregard

paragraphs 3, 4, 5, 6, 7, 8, and 11 as being irrelevant to plaintiff's Second Amendment claim, or constituting simple conclusions of law.

Defendants oppose the Declaration of Terrence J. Donahue.  Defendants submit that Taylor has not been successful in his demands.  The temporary removal of his firearms did not constitute a deprivation of any rights under the Second Amendment, and thus attorney fees are not appropriate.

Nevertheless, and should the Court disagree, defendants submit that considering that the criminal charges were never tried; that the motion to return Taylor's guns was prepared and filed by defendants; that defendants defaulted in the civil matter, eliminating a trial or hearings on motions to dismiss; the claim of 84 hours in defense of the criminal matter in City Court, and 298.25 hours in prosecution of the civil matter are simply excessive.  Defendants submit that should the Court determine that Mr. Donahue is entitled to attorney fees, the amount should be based upon Mr. Donahue's suggested $150 per hour.

Plaintiff's only claim against the defendants is a state-law tort claim of conversion.  Since plaintiff has recovered his property and has indicated no damage to that property, plaintiff is entitled, at the very most, to an award for such reasonable mental pain and anguish that the temporary loss of his weapons may have caused.   (In paragraph number 9 of his Declaration, Taylor admits that he recovered his weapons in June of 2014.)

In paragraph 9 of his Sworn Declaration, the plaintiff alleges that as a result of the conversion of his weapons, he was made to be "very uncomfortable."   Plaintiff provides no details, or any information upon which the Court might deduce the nature, severity, or reasonableness of such discomfort.    While plaintiff is doubtless attempting to describe a form of

mental anguish, defendants submit that "very uncomfortable" does not describe a loss or damage that is compensable.  Because the tort stems from Louisiana law, defendants submit that any damages due should be determined according to Louisiana judicial decisions awarding damages for temporary conversion of property.  In *State Farm Fire & Casualty Co. V. Torregano*, 769 So2d 754, 760 ( La. Appeals, 5th Cir. 2000), the plaintiff claimed damages for mental anguish resulting from a burglary.  The court stated:

> the mental anguish which gives rise to a claim for damages must be real mental injury. Every incident of property damage is necessarily accompanied by some degree of worry or consternation.  However, recovery of damages requires the plaintiff to have suffered psychic trauma in the nature of or similar to a physical injury as a direct result of the incident which caused the property damage.

Plaintiff's simple statement is not adequate proof of damage.  "Mental trauma requires more substantial evidence that just the victim's self-serving testimony." (*Bauding v. Acadia Parish Police Jury*, 620 So2d 453,458 (La. Appeals 3rd Cir. 1993) citing *Kolder v. State Farm Ins. Co.*, 520 So2d 960 (La. Appeals 3rd cir. 1987).

Defendants respectfully submit that the material declarations furnished by plaintiff in response to the Court's order is inadequate to support a judgment.  Defendants submit that plaintiff has failed to prove a deprivation of any right he might have under the Second Amendment and, while he may have adequately established a temporary conversion of his property, he has offered no evidence of compensable damage.

Thus, defendants respectfully suggest that plaintiff's request for damages be denied.

**RESPECTFULLY SUBMITTED:**
**Lea Anne Batson**
**Parish Attorney**

**/s/Frank J. Gremillion**
**Frank J. Gremillion**
**Special Assistant Parish Attorney**
**Bar Roll #6296**
**P.O. Box 1471**
**Baton Rouge, LA   70821**
**(225) 389-3114 - Telephone**
**(225) 389-8736 - Facsimile**
*Attorney for Mary Roper, Lisa Freeman,*
*and Lea Anne Batson*

**/s/Gwendolyn K. Brown**
**Gwendolyn K. Brown (#19891)**
**Senior Special Assistant Parish Attorney**
**P.O. Box 1471**
**Baton Rouge, LA   70821**
**(225) 389-3114 - Telephone**
**(225) 389-8736 - Facsimile**
*Attorney for Carl Dabadie, Jr.,*
*Donald Dewayne White, Patrick Wenneman,*
*and James Thomas*

**CERTIFICATE**

I hereby certify that a copy of the above and foregoing pleading was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to plaintiff's counsel, Mr. Karl J. Koch, Mr. Elliot Cassidy, and Mr. Terrence J. Donahue, Jr., by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this  30th  day of September, 2015.


/s/Frank J. Gremillion
Frank J. Gremillion