UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERNEST TAYLOR**                                                                 **CIVIL ACTION**

**VERSUS**

**NO. 13-579-BAJ-RLB**

**THE CITY OF BATON ROUGE, ET AL**

SETTLEMENT CONFERENCE ORDER

**IT IS ORDERED** that a settlement conference is hereby set for **January 13, 2016 at 9:30 a.m.** in chambers, which is located at 777 Florida St., Room 278, Baton Rouge, Louisiana.

The settlement conference will begin with a statement by Judge Bourgeois. Each party should also be prepared to make a brief statement setting forth the most important legal and factual issues in the case that will affect settlement negotiations.[1] Thereafter, the parties will be separated, and Judge Bourgeois will facilitate the negotiations between the parties.

The following is provided to ensure that the necessary parties are present for the conference, to assist the Court in an objective appraisal and evaluation of the lawsuit, and to facilitate settlement of this matter in the most efficient manner.

A.  **PERSONS ATTENDING THE CONFERENCE**

In addition to counsel who will try the case, a person with full settlement authority must be present for each party at the conference. This requirement contemplates the presence of your client or, if a corporate entity, an authorized representative of your client, who has full and final settlement authority. The purpose of this requirement is to have representatives present who can

---

[1] Depending on the circumstances of the particular case, the Court may elect to hear opening statements in the separate caucuses.

settle the case during the course of the conference without consulting a superior.  Upon proper application to the Court and under extenuating circumstances,[2] a governmental entity, insurance company or corporate entity may be granted permission to proceed with a representative with limited authority, provided he/she has direct communication with a representative with full authority throughout the conference, even if the settlement conference lasts through lunch or after working hours.  Any other persons deemed necessary to negotiate a settlement may also attend.  Counsel of record will be responsible for timely advising any involved non-party (i.e., insurance company), of the requirements of this order.

**B.**     **CONFIDENTIAL STATEMENTS**

The parties shall submit confidential settlement position papers by **noon on January 6, 2016** to the judge's chambers either via facsimile transmission to (225) 389-3603 or hand delivery.  The statement shall not exceed five pages and shall contain the following:

(a)   Persons Attending: The name and title, if applicable, of the client or authorized representative who will be attending the conference with trial counsel.

(b)   Statement of your Case: The position paper should set forth a brief statement of your claim or defense.  It should also contain a statement of the liability issues present, including a description of the strongest and weakest points of your case, both legal and factual.

(c)   Quantum:  A brief statement of your position on quantum, including any injuries sustained.  When applicable, describe any surgeries, current medical status, and any other relevant legal or factual issues.

---

[2] The purchase of an airplane ticket is not an extenuating circumstance.

A concluding section should contain suggestions for a satisfactory resolution of the claim.  Please do not be bound by monetary solutions, but rather consider all possible alternatives to reaching a satisfactory resolution.  Also, please keep in mind that these submissions are confidential, will not be exchanged, are not binding, and that posturing is inappropriate and only serves to handicap the process.  The Magistrate Judge serves as a neutral facilitator in this process; thus it serves no purpose for either party to attempt to convince the Magistrate Judge of his position.

**C.**     **ATTACHMENTS**

Copies of the following documents <u>may</u> be attached to the confidential settlement position paper if they exist and counsel deems them relevant:

  (a)  <u>Major</u> relevant medical reports concerning plaintiff's medical condition (if applicable);

  (b)  Economic loss reports;

  (c)  Non-medical expert reports; or

  (d)  Any other documents which counsel believe may be of benefit to the Court in evaluating the case.

**D.**     **EXCHANGE OF SETTLEMENT OFFERS**

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own.  ***Before arriving* at the settlement conference the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court.  A specific settlement offer, in writing, must be submitted by the plaintiff at least 14 days prior to the settlement conference, with a brief explanation of why settlement is appropriate.  If unacceptable to the defendant, a specific counteroffer, in writing, must be submitted by the**

**defendant at least 7 days prior to the settlement conference, with a brief explanation of why settlement is appropriate.** If settlement is not achieved, plaintiff's counsel shall deliver or fax copies of all letters to Judge Bourgeois no later than 3 days before the conference.

E. **CONFIDENTIALITY**

The contents of the statements and all communications made in connection with the settlement conference are confidential and will not be disclosed to anyone without the express permission of the communicating party or order of a court of competent jurisdiction. The statements and any other documents submitted for the settlement conference will be maintained in chambers and will be destroyed after the conference.

Signed in Baton Rouge, Louisiana, on November 30, 2015.

                                                                        _____
                                                                        **RICHARD L. BOURGEOIS, JR.**
                                                                        **UNITED STATES MAGISTRATE JUDGE**